IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MACHTECK INDUSTRY CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIPESH KUMUDCHANDRA SHAH ) <br> and TRADE BIZ, INC., ) <br> ) <br> Defendants. ) | Case No. 05-0645-CV-W-ODS |

<u>ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER AND (2) DEFERRING CONSIDERATION OF DEFENDANT'S MOTION TO QUASH</u>

Defendant Dipesh Kumudchandra Shah ("Shah") filed a motion asking the Court to (1) dismiss the case or, alternatively, transfer it to the Southern District of Texas and (2) quash the service of process. The former request is denied, and decision on the latter request is deferred pending a hearing on the matter.

## I. BACKGROUND

Plaintiff, a Taiwanese corporation, has named as defendants (1) Shah and (2) Trade Biz, Inc. ("TBI-Missouri"). TBI-Missouri is identified as a Missouri corporation that was administratively dissolved in June 2004. Shah is TBI-Missouri's registered agent, president, and sole shareholder. The Complaint is not entirely clear, but it appears Shah is named personally as well as in his capacity as the officer responsible for winding up TBI-Missouri's affairs. Plaintiff alleges the defendants solicited it for the purpose of selling nylon fiber scrap, but defendants breached the contract and committed fraud when the scrap turned out to be contaminated and, hence, worthless.

## II. DISCUSSION

"While it is true that the plaintiff bears the ultimate burden of proof . . . jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." Dakota Indus. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). In this case, the Court has elected to decide the issue without holding an evidentiary hearing. "If the district court does not hold a hearing and instead relies on pleadings and affidavits . . . the court must look at the facts in the light most favorable to the nonmoving party and resolve all factual disputes in favor of that party." Id. (citations omitted).

This Court, when sitting in a diversity action, may assume jurisdiction over a nonresident defendant to the extent permitted by Missouri law so long as the exercise is consistent with the Due Process Clause.[1] Missouri courts consistently extend the reach of their jurisdiction to the limits permitted by the Constitution, see Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 453 (8th Cir. 1984), so the entire analysis dovetails.

The "minimum contacts" analysis required by the Fourteenth Amendment requires consideration of the following factors: "(1) the nature and quality of contacts with the forum state; (2) the quantity of these contacts; (3) the relationship between the contacts and the cause of action; (4) the interest of the forum state; and (5) the convenience of the parties." Wines v. Lake Havasu Boat Mfg., 846 F.2d40, 42 (8th Cir. 1988). The first three factors are of primary importance. E.g., Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987). "Jurisdiction is proper where there is a substantial and continuing relationship purposefully made with a party in the forum state, see Burger King

---

[1] In State ex rel. K-Mart Corp. v. Holliger, the Missouri Supreme Court rejected the "remarkable assertion that the only means by which jurisdiction may be obtained over a foreign corporation is through the state's long-arm statute," 986 S.W.2d 165, 166 (Mo. 1999) (en banc), and instead held that a corporation's general business activity in a state could give rise to jurisdiction even if the suit does not arise from those contacts.

2

Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985), so long as 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.' International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)." CPC-Rexcell, Inc. v. La Corona foods, Inc., 912 F2d 241, 243 (8th Cir. 1990).

> The nonresident defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being haled into court there, and it is essential that there be some act by which the defendant purposefully avails [it]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Purposeful availment means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party.

Guiness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 614 (8th Cir. 1998) (internal citations omitted).

The Court has little difficulty concluding it has personal jurisdiction over TBI; the fact that it is a defaulted Missouri corporation (and, hence, not a "nonresident") is ample justification for this conclusion. Anticipating this argument, Shah argues Plaintiff has sued the "wrong" Trade Biz, Inc.. Shah owns another corporation with the same name incorporated in Delaware ("TBI-Delaware"). Shah's argument does not alter the Court's conclusion. Plaintiff has sued TBI-Missouri, and TBI-Missouri remains a party to this case. It may ultimately turn out that Plaintiff has sued the "wrong" corporation, but that is a factual issue related to the merits, not a jurisdictional issue. Of course, Plaintiff may decide to add TBI-Delaware as a defendant, but even this potentiality will not alter the Court's conclusion. Materials submitted by Plaintiff demonstrate communications between Shah (acting on behalf of one of the corporations named Trade Biz, Inc.) and Plaintiff that traveled between Taiwan and Missouri. Letters sent from Missouri invite responses to be sent back to Missouri. It is true that Plaintiff sent its payment to a bank in Texas, but this does not diminish the significance of the activity in and contacts with Missouri. The culminating act in the parties' negotiation – i.e., payment – may be relevant in determining where the contract was accepted and which state's substantive

3

law governs the dispute, but it neither overshadows the prior course of dealings between the parties nor is legally determinative of the jurisdictional issue. Based on the information presented to the Court and construing that information in Plaintiff's favor, the Court concludes the defendants purposely availed themselves of the privilege of conducting business in Missouri and in fact engaged in negotiations for the contract that is the subject of this suit while in Missouri. Maintaining suit in this forum is consistent with the Due Process Clause.

Shah also argues the case should be transferred to Texas because it would be more convenient for him to defend the case there. The Court is not willing to transfer the case in order to shift the burden from one party to another.

Finally, Shah argues the service of process was defective. Plaintiff served Shah[2] by leaving a copy of the Complaint and Summons with his brother at his brother's house in Spring, Texas. Plaintiff justifies this action based on as-yet unidentified information that Plaintiff lived with his brother in Spring. Shah has submitted an affidavit declaring he did not live with his brother in Spring but rather began living in Dallas less than one month before process was served. Shah does not (1) provide his current address or (2) indicate whether he lived with his brother in Spring prior to Dallas, thereby lending credence to Plaintiff's actions.

Generally speaking, a party "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). It seems all uncertainty could be resolved – and the spirit of Rule 4 satisfied – by having Shah permit his attorney accept service on his behalf or formally waive service of summons. Of course, the Court cannot order either course of action be taken, and if Shah is unwilling to proceed in this vein the Court will be forced to resolve his motion. A hearing on the motion will be held at 1:00 p.m. on September 27, 2005 unless the parties resolve this issue sooner. The parties are further advised

---

[2]It is not clear whether this purported service was intended or designed to serve both defendants or just Shah.

4

the Court will not permit testimony by telephone, and unless and until the motion is actually granted they should proceed as if service was valid.

IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                         ORTRIE D. SMITH, JUDGE
DATE: August 24, 2005                           UNITED STATES DISTRICT COURT